Right-of-way, United States v. Smith, which is both an appeal and a cross-appeal. 22-2118, 22-2217, and 22-2823. Counselor. Good afternoon. Gwen Schoenfeld on behalf of Verdell Smith. Can you speak up just a little bit? Thank you. I left my hearing aids in my hotel room with Schoenfeld, so I'm not listening to music. That would be okay. In any event, can you hear me better now? Yes. Okay. So the issue for both appeals today, big picture. Was there an error? Because it applies to both. Mr. Smith has identified two errors. If the district court corrected that error when it applied Rule 35 to correct the sentence, then both judgments should be affirmed. If Rule 35 does not apply, or if there's any ambiguity in terms of whether or not the court had discretion or thought that it did not have discretion, then we get a limited remand for clarification would be the most probably efficient. So either way, this case either, from our perspective, gets affirmed or it gets remanded for clarification. And going into more state sentences where Smith was in primary federal custody. And the other mistake was the district court mistakenly believed that Smith would only serve a short period of time in state prison. Now, as to the discretion part of the error, and I'm going to quote from the court, the prosecutor referring to the two sentences in the two cases, the RICO conspiracy and the sentencing for the supervised release violation, prosecutor said, all right. And I also assume, am I correct to assume, your honor, that those sentences will revert to the default? That is, they should run consecutive to whatever the state sentence is. The court said, I have nothing to do with the state sentence. I am, yes. He trailed off before he said yes. So it's not clear what that part of the statement said. But as far as the discretion, it is very clear the court said, I have nothing to do with the state sentence. That is an error. Hadn't we previously told him in this case, in the summary order in which we sent the case back for resentencing, that indeed he could consider whether the state and the federal sentences should run concurrently or consecutively? You did. But, oh, sorry. So we had told him that. But in this case, the issue of primary federal custody was not at issue on the Smith one, the first appeal. Fair enough, that's true. And it is rather confusing. Well, you were the lawyer in the courtroom. You tried to make that apparent. You had a concern. I mean, I'm only reading what you said. And so if I'm mischaracterizing it, please correct me immediately because I'm not trying to trick anyone. But you pressed the case for the violation of supervised release and the new RICO sentence to run concurrently because you expressed legitimate concern, I think, that notwithstanding what the judge said about the state sentence and the federal sentence, it wasn't a certainty that they would run concurrently, notwithstanding if he said so. Is that true? It is true. But I don't think the court accepted what I said. And that became clear when the government, at the end of all the presentations, said, I have nothing to do with the state sentence. I don't think the judge accepted what I said in terms of the discretion. So I think that that is what— What does that mean, I have nothing to do with the state sentence? To me. Does any ambiguity in what that means in your benefit of the government rather than to the benefit of your client? So I think it means I have nothing to do with the state sentence. I can't control it. I have no—I have nothing to do with it. I have no discretion to impose a concurrent federal and state sentence. In terms of the ambiguity, this court has said many, many times where there is an ambiguity in terms of discretion, it gets remanded, either for resentencing or for clarification. And the court left that in Ojeda, left that up to each individual appellate panel to decide on a case-by-case basis whether it should be remanded for resentencing or for clarification. So Judge Scullin says—another point—I'm aware that you do have state prison to serve. Yes. He says that he knows that there's seven years to do in the state, and that he's reviewed all of the submissions made by counsel. Is that—why isn't that enough for us to—and this is on plain error? Well, that's a two-part question. Multiple parts. Yes. Why isn't that enough? And then I'll ask, isn't this on plain error? Okay. So the first part. So the first question about whether you're aware if you have the seven—still have seven years, that goes to the second error. The error as to discretion, I believe, is a separate one. And jumping to what I think you might be asking in terms of that, too, that is definitely not plain error, because I raised the fact that the court had discretion, and the court seemed not to accept the fact that he did. That is not on plain error. The other issue about you still have seven years to stay—to serve in the state, I do not believe that is on plain error. The—before I even got a chance to say anything, my client jumped up and said, no, I still have seven years to serve in this state. There's—he said no good time coming, but he did have—he may—he may have some good time coming. He still has to serve at least 15 percent. And as came out after I filed my opening brief, which parties don't dispute, the preliminary calculations for—on the DOC's website indicate four to five years as opposed to six to seven. But that still is a long sentence. The judge seemed to indicate he was getting out in a short period of time. Four to five is still a long period of time. And to the extent the court may have thought, well, the fed—the state is going to just give him concurrent time for all of it, that's not what happened. So as to the second error, no, I do not believe it is plain error, because I think that the client himself objected to that. But even if it is plain error, we still should win on that as well. It was plain. It's obvious. He's not getting out in a short period of time. It affected the substantial—substantial rights. If he thought he was getting out in a short period of time, the judge could have, in this case, ordered concurrent federal and state sentences, which he did not believe he had the discretion to do. And in terms of whether or not that particular error should result in this court exercising its authority to remand, any amount of time is considered significant. So I think under plain error, we still get a remand. Let me ask you about the way you started, which is that the appeal and cross-appeal got to end in the same way from an appellate perspective. Why is that? I— Why—just by way of example, couldn't we affirm as to Mr. Smith's appeal and remand as to the cross-appeal? Okay, affirm as to Smith. But maybe I misunderstood what you said at the beginning. The remand would only be as to the consecutive or concurrent aspect of the two federal sentences. Right. Yes. So you could affirm and—but either way, it still ends up being a remand. So maybe I tried to box things too generally in that. If the court corrected the sentence through Rule 35, then it gets affirmed. That's the government's appeal. If the court corrected per Rule 35, that would also—I guess you would then be denying the other appeal because the—my appeal. Because the court would essentially be saying, it's already been corrected, so there's nothing more to be done. So the amended judgments effectively would just get affirmed. If there's any ambiguity for either of the appeals, it gets remanded. Well, that's your ultimate request. Well, on your appeal. Yes, but obviously if the court corrected it on Rule 35 and— You'd like that, wouldn't you? Yes, that would be fine. You'd like that because that's the argument you made. Yes. It's an adoption of the position that you took in sentencing. Which is why I'm saying if it's a Rule 35— I realize it's a tough choice for you, Counsel. Yes. I understand. Judge Gervantes, any questions? No. All right, thank you. We'll hear from the government, and you've reserved two minutes for rebuttal. Yeah, thank you. Thank you, Michelle. Thank you. Good afternoon. Good afternoon. May it please the Court. Rajiv Dosanjh for the United States. I'd like to start first by addressing the standard of error— sorry, the standard of review. We believe that it should be under plain error here because we have—  between defense counsel and defendant and the court as suggesting a misunderstanding. At that point, defense counsel or the defendant could have sought further clarification of what the court meant. First, by saying the state calculates time differently. And I think that's really the core statement here. After Judge Scullin told Ms. Schoenfeld that he understood what was going on and he knew it was different, she's supposed to say to him, by the way, Judge, you don't really understand how the state calculates time and here's how it goes? Well, I think, Your Honor, that's what— I mean, I know Judge Scullin. I'm not so certain that he would have been very pleased with that. Your Honor, we are often held to the same standard in front of Judge Scullin. It is— He's a fine fellow, but— He doesn't suffer fools. Everyone has their limits. Right. Your Honor, but I do think to avoid plain error here, because the appeal is about a specific thing he said and what it meant, that was the point in which to ask further clarification. What do you mean when you say that the state doesn't calculate time in the same way? Do you understand that he's going to be serving a determinant sentence of seven years? Or just, I object. Right. Right. I mean, I don't know that it's incumbent on anybody to say much more than that. It's helpful. Your Honor, I think it's— Again, given the nature of what the issue being raised by the defendant here is, we're talking about specific statements and what they mean. I think it would have— I think to get plain error, to avoid plain error on that, you have to specify what is the statement and seek and draw the attention of the court to the misstatement or unclear statement. I do think that's a fairly low bar to set to get de novo review. As far as the second statement about I have nothing to do with this statement— It's not de novo review. Well, if it's not plain error, it's probably more likely clear error review because it's a factual statement. It's somewhat ambiguous as to what the standard review would be. I think we're in that position because there's no follow-up. As far as the second statement, I have nothing to do with the state court sentence. There again, there was a clear opportunity for defense counsel to say something there. And that didn't happen. So I do think we are under plain error review. You can't sit back and not say anything and then say that the lack of clarity is the reason why it should be remanded for resentencing. As far as—and in their reply brief, they cite to the case Brown, United States v. Brown. In United States v. Waite, the panel made clear that Brown and that line of cases is a highly unusual circumstance where you have intervening changes of law that perhaps create the lack of clarity as to whether the judge was aware of the intervening changes of law. That was made clear in United States v. Waite. That decision was abrogated on other grounds because of the career offender decision in Taylor. But Judge Cabranes was on that panel and explained why Brown is really an outlier. So in terms of their reliance on Brown to get over plain error review, I think it's not—that's not a valid argument. As far as the statements themselves, the judge did say it's a short time before you'll be back on the street. If you look at that in context, the judge was talking to—trying to impress on Mr. Smith the need to change his behavior. When Mr. Smith then got up and said, look, I have seven years, the judge said, well, whatever the sentence is, you're going to have to serve it. So that, I think, right there rules out the idea that his decision—and this is a narrow appeal— it's whether he would have run the federal and state sentences concurrently if he hadn't made these—if he hadn't had this misconception. That right there, whatever it is, it's something you'll have to do. And that's on Essay—Supplemental Appendix 23. That makes clear that the running of the sentences, and indeed the length of the sentences here, was not based on the length of the state court sentence. That was not what Judge Scullin was basing his decision on. As far as the I have nothing to do with the state court sentence, as Judge Wesley pointed out, this came right after defense counsel had explained in detail why there were practical limitations on the court's ability to—actually, there's no authority for the court to order the state officials to give him credit for his federal time. And that was essentially what the court was saying. And the court did say, I want these two sentences to run consecutively. He affirmed that by saying yes. So, you know, whatever the sentence was, the court made clear that it wanted those to be consecutive. So again, under plain error review, or frankly, even under clear error review, there's no clear error here. Turning quickly to the government's cross-appeal, we've explained why the record, I think, makes it absolutely clear that there was no clear error by the judge that he was correcting. We have the correspondence from the courtroom deputy that makes clear that he's reconsidering his decision to run these two federal sentences consecutively. Your point in part is that there's no ambiguity, at least with respect to that exchange. As far as the Rule 35—sorry, the Rule 35 later correction, when he says, I'm going to run these two sentences now concurrently based on—and I'm correcting for a clear error. The record makes clear that the judge was very well informed and had decided numerous times to run those two sentences consecutively. This was, I think, a very clear case of a judge reconsidering his sentence. What was the clear error in your view? I mean, there was no clear error, but what could it have been? Your Honor, I don't really have an answer for that. I think it was an effort to use Rule 35 because he reconsidered the severity of the sentence. And this Court has made very clear many times that that's not a legitimate basis for Rule 35, invoking Rule 35. As we point out in our brief, I think the interest in the finality of the sentence orally imposed is protective both of the government's interest and the defendant's interest. There's numerous cases where judges have changed their mind and increased a sentence or imposed a fine that wasn't articulated orally. And that, again, trying to use Rule 35, that also was found to be exceeding the authority, the narrow authority under Rule 35. So we would ask that, as in the Brewer-Cabrera case that was decided a long time ago, that the remedy here would be for a remand for the judge to impose, to amend the written judgment to comply with the oral judgment as the oral sentence is pronounced at the sentencing hearing. Am I right that he has completed the sentence as amended? That's right, Your Honor. If it was to be conforming to the oral sentence, he would have the 13-month supervised release violation sentence still to serve. So trouble me with the practicalities of this. He's now under state custody? That's correct. At the time that he was sentenced in state court, he was actually sentenced in state court before he was ultimately sentenced in federal court, notwithstanding the fact that he was in federal custody. That's correct. No, I can see why Ms. Schultz was troubled by this thing. And so if he were sent back and the 13 months was made then consecutive, he's got new federal time to serve, which he won't serve until the completion of the state time? That's correct. But then he'll be, you said it's just 13 months of supervised release. Sorry, the supervised release violation is prison time. Sorry, I don't want to. It's prison time. It's prison time. And he'd have a federal detainer on him. And the reason, Your Honor, that we took this issue. It's even harder. I mean, the original entry is concurrent time by the clerk. Then she corrects it within a day or two to make it consecutive. And then two weeks later, a note comes from her saying, oh, he's rethought this, and now he wants to make it concurrent. That's right, Your Honor. Doesn't that seem, I mean, I've only done this 21 years. Judge Cabranes has been around a little longer than me. I have a great deal of respect for his experience. And he actually sat on the district court bench. Doesn't this seem a little odd to you? What? This occurrence. Your Honor, it does. Your Honor, we can't explain what. So you're not averse to an explanation? Well, Your Honor, if that's the remedy of the court. Clarification. Clarification. And I think, Your Honor, we suggest that there's nothing that needs clarification here because the record is clear. This was just a reconsideration. Is there in the Rule 35 context a case that the government has been able to find where, in lieu of effectively a Jacobson remand for clarification, I'm sorry, in lieu of a vacature and an instruction that the judgment be amended, we ask for or engage in Jacobson remand and ask for clarification? I was not able to find a case that has that holding. I think given the interest in Rule 35, vacating the sentence and remanding for resentencing, I think, would create a loophole in the interests that are in Rule 35 in a way that would harm the interests. Because of that difference between the oral pronouncement and the written judgment. Right. We can't keep asking for clarification to let district court judges do effectively what Rule 35 prevents. Correct. And I think that's why a Jacobson, if the court thinks that a remand is necessary for clarification, then I think it would have to be a limited remand, kind of a Jacobson style where you would keep jurisdiction and ask the court to explain it. But I think the core of the theory of the government with respect to Rule 35 is that it is not a mechanism for clarification or for a change of mind that's camouflaged as a clarification. Correct. Correct. And so that's why what we're asking for here is just to, as the court did a long time ago in Cabrera, send it back just for the ministerial task of changing the written judgment to conform to the oral statement. And that oral statement. And that itself would then be appealable by Mr. Smith. If a judgment goes in as amended, I think he probably could take another appeal. All right. Thank you. And, well, before you sit down, so your friend on the other side mentioned the fact that these appeals and cross appeals rise and fall effectively together. What is the government's? We would disagree with that, Your Honor. Why? Well, first of all, I think that, again, the narrow claim the defendant's making here is a claim about the federal and state sentences running concurrently or consecutively. Our appeal is really about the change with respect to the two federal sentences for the SRV and for the underlying RICO offense. And for the reasons that we state in our reply brief, there was no clear error here that the judge could say that he was correcting. It's just the record could not be clearer that the judge knew exactly what he was doing at sentencing, two weeks later changed his mind. And so these are two separate issues. And I think that you should affirm the sentence as to the, as it was orally imposed, but simply remand for the written judgment to conform to the oral sentence. Okay. Thank you. We'll hear from Ms. Schoenfeld. Thank you. A couple of things. So, and I realize facts are very confusing, but when the judge said I have nothing to do with the state's sentence because he was asked specifically about the default rule, when he says I have nothing to do with that, that means he does not realize that the default rule is effectively going to make all of those sentences consecutive. If he realized that was a mistake, which I think he did, there's three options, one of which is not on appeal. And I'll just take it off the table as the length of the sentence. We're not, nobody's appealing the length of the sentence. It's only the concurrent consecutive nature. Once he realizes everything is going to run consecutive, he pretty much has two options that are available right now. One is you do a concurrent federal-federal or you do a concurrent federal-state. If you do the concurrent federal-state, which was the point I tried to make at the sentencing, there's a whole bunch of logistical problems. So when he realized, oh, there's confusion, there's logistical difficulties, but I can, I didn't mean to make everything consecutive. By doing the federal-federal concurrent time, that was him correcting a clear error. And in this case. No, no, no, no, no. That was him potentially just putting it out there. So this is why the question, to whom does ambiguity inure as a matter of a benefit, right? So potentially another way of reading that is he changed his mind. He realized, look, I'm in a box and I need to get out of this box, having orally pronounced a particular sentence, knowing exactly what I was doing in one sense, but then thinking, oh, this is a very significant sentence. Is that a realistic scenario? Well, realistic, yes, I understand that that is the government's position. That is not my position. What I think in terms of if there's ambiguity, it needs to be, in this case, in favor of remand. Because you have an unclear sentence. This court has said when there's ambiguity where a court is not sure of its discretion on a sentencing option, the best thing to do is a remand. And in this case, I would not be opposed to remand just for clarification. It's more efficient. You don't bring the defendant back for resentencing. You can or not keep jurisdiction. But the ambiguity needs to be cleared up. And I think that there was ‑‑ And so the clarification would be just going and saying, I understood that I had discretion? Well, I would hope he would say I didn't understand I had discretion until afterwards. Before that, right, right. Yes, and if he did, then the sentences stay the way they should. But in this case, I think that there was clear error, which is my premise. Once you accept the notion there was clear error, I should get ‑‑ the judgments get affirmed. Forget about who wins the appeal and who doesn't. The judgments get affirmed. So the concurrent federal and federal gets affirmed. And the other sentence for the RICO conspiracy would get affirmed too. And I don't know if there was confusion as to why I appealed both of those. I don't know. Okay. Okay. Thank you very much. Thank you. Thank you. Safe journey home. Thank you.